**LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**
120 Sylvan Avenue, 2nd Floor
Englewood Cliffs, New Jersey 07632
(P) 201.461.0059
(E) David@Lupoloverlaw.com

**ATTORNEY FOR PLAINTIFF**
**DAVID P. FORCE, ESQ.**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH MONTOYA,** | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) **CIVIL COMPLAINT** |
| **R & R COLLECTION SERVICE, INC,** | ) **AND** |
| Defendant | ) **JURY TRIAL DEMAND** |

### COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Joseph Montoya, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, R & R Collection Service, Inc (hereinafter "Defendant") as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d)

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.     Plaintiff, Joseph Montoya, is a natural person, who at all relevant times has resided in the city of Fair Lawn, Bergen County, State of New Jersey, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant is incorporated and doing business in the State of Texas, with its corporate mailing address as 1007 W Illinois Ave, Midland, TX 79701, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

1.     In April 2014, Plaintiff acquired and reviewed a copy of his credit report.

2.     During Plaintiff's review of the various trade lines on his credit report, he noticed one of the particular entries was paced by R&R Collection Services, Inc. ("R&R").  The account was listed as in collection, claimed an amount due and owing of $141.00.  A notation in the trade line listed an account number of "412XXXX."  No other delineations or marking present on the trade line itself shed any light on what this debt actually way.

3.     Plaintiff was unaware of what this actual debt was, in large part due to the ambiguous nature with which it was listed.

4.     On May 16, 2014, Plaintiff sent a dispute / request for documentation and other thing directly to Plaintiff at facsimile number 432-684-5837.  This number has been independently verified to be, at all relevant times, on operational fax number for Defendant.

5.     In or around August of 2014, and with Plaintiff having received nothing in the way of a substantive response from Defendant regarding his letter, ran his full credit report of second time.

6.      Upon review of his second credit report, dated August 11, 2014.  Plaintiff noticed that Defendant had failed to update the trade line with a "disputed" status, nor was it removed.

7.      As of the date of this filing, Plaintiff has yet to receive any supporting documentation, nor explanation as to what the debt underlying the account originated from.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692 *et seq***

8.      Plaintiff repeats the allegations contained in paragraphs 1 through 12 and incorporates them as if set forth at length herein.

9.      Plaintiff ran a copy of his credit in April of 2014.  Populating his credit report was an entry by Defendant, which listed the debt with an account number of "412XXXX."

10.     Plaintiff, unaware as to whom the money was owed, if it was owed nor if the amount was correct, plaintiff sent a dispute/request for documents and other things, to Defendant via facsimile at  432-684-5837.

11.     Plaintiff, having received no response to his dispute/inquiry letter, ran a second copy of his credit report.  The second credit report showed Defendant's trade line a little different this time around.  The trade line had what appeared to be a full account number of "41246ZZ," (Intentionally Redacted) and listed the debt as "MEDICAL PAYMENT DATA."  Defendant had failed to remove or properly mark the account as one in dispute.  The mere fact that is was now listed as a medical debt, did little to advise Plaintiff what the debt was for other than it was related in some way to the medical field.

12.     To Date, Plaintiff has received no documentation or explanation on the trade line in question.

13.     Plaintiff continues to dispute the validity of this date as of the day of this filing.

14. Plaintiff has been damaged and is entitled to relief.

## **JURY TRIAL DEMAND**

15. Plaintiff demands a trial by jury on all issues so triabal.

*Rest of page left intentionally blank*

## **RELIEF**

WHEREFORE, Plaintiff, Joseph Montoya, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3):

e. That the Court grant such other and further relief as may be just and proper.

Dated February 16, 2015

                                                Respectfully Submitted,

                                                s/ David P. Force_____
                                                David P. Force
                                                Law Offices of Michael Lupolover
                                                120 Sylvan Avenue, Suite 300
                                                Englewood Cliffs, NJ 07632
                                                Telephone: 201-461-0059
                                                David@lupoloverlaw.com